This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**No. A-1-CA-40587**

**ERIC JONES,**

      Petitioner-Appellant,

v.

**BECKY JONES,**

      Respondent-Appellee.

**APPEAL FROM THE DISTRICT COURT OF COLFAX COUNTY**
**Melissa A. Kennelly, District Court Judge**

Eric Jones
Raton, NM

Pro Se Appellant

Becky Jones
Albuquerque, NM

Pro Se Appellee

**MEMORANDUM OPINION**

**IVES, Judge.**

**{1}** Appellant appeals from an order resolving his objections to a domestic relations hearing officer's (DRHO) recommendations that a prior child support order be enforced. We issued a notice of proposed summary disposition, and Appellant has responded with a timely memorandum in opposition. We remain unpersuaded that our initial proposed disposition was incorrect, and we therefore affirm.

**{2}** In his memorandum in opposition, Appellant continues to argue that procedural irregularities occurred below resulting in the violation of his substantive rights. [MIO 1-2] The central issue in this appeal arose when the district court entered an order on June

7, 2021, adopting the DRHO's July 24, 2018 recommendations regarding child support, following remand from this Court. [RP 973; DS 2] On June 9, 2021, the DRHO mistakenly issued a notice of hearing on child support set for July 9, 2021. [RP 975; DS 2] On June 22, 2021, the DRHO issue a notice stating that the hearing scheduled for July 9, 2021 was vacated, as the district court had ruled upon the child support issue in its order adopting the DRHO's July 24, 2018 recommendations following remand from this Court, and therefore, no hearing before the DRHO was necessary. [RP 978] Appellant did not file a notice of appeal from the district court's order adopting the DRHO's recommendations on child support.

{3}     Appellant argues that the district court's mistaken entry of a child support hearing resulted in confusion regarding the time for appealing the district court's order adopting the DRHO's recommendations and this resulted in plain error as it affected his right to appeal. [MIO 1-2] We disagree. As explained in the notice of proposed summary disposition, Appellant was notified on June 22, 2021, that the hearing scheduled for July 9, 2021 was vacated, as the district court had ruled upon the child support issue in its order adopting the DRHO's July 24, 2018 recommendations following remand from this Court, and that therefore, no hearing before the DRHO was necessary.

{4}     Even if we agreed that an error by the district court resulted in confusion regarding the time to file a notice of appeal, court error does not explain Appellant's failure to file a motion for an extension of time under Rule 12-201(E)(1) NMRA and a notice of appeal under Rule 12-201(E)(3) and (5) after he became aware that the DRHO's notice of hearing was mistakenly entered and that the district court's June 7, 2021 order remained in effect. *See* Rule 12-201(E)(3) (stating that a motion for extension of time "filed within thirty (30) days after the expiration of the time otherwise prescribed by this rule for filing the notice of appeal . . . may be granted on a showing of excusable neglect or circumstances beyond the control of the appellant"); Rule 12-201(E)(5) ("A party that has filed a motion for extension of time must file a notice of appeal within thirty (30) days after the expiration of the time otherwise prescribed by this rule for filing the notice even if the motion for extension of time remains pending. The district court may grant the motion retroactively."). Nor does court error explain Appellant's failure to ever file a notice of appeal, as Appellant was notified that the notice of hearing was mistakenly entered and vacated fifteen days before the expiration of the thirty-day time limit for filing notice of appeal. [RP 978] *See* Rule 12-201(A)(1)(b).

{5}     Under these circumstances, we see no basis to conclude that plain error affecting Appellant's right to appeal occurred below. Therefore, for these reasons, and those stated in our notice of proposed disposition, we affirm.

{6}     **IT IS SO ORDERED.**

**ZACHARY A. IVES, Judge**

**WE CONCUR:**

**JENNIFER L. ATTREP, Judge**

**JANE B. YOHALEM, Judge**